HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARURI N. KARURI, et al.,

    Plaintiffs,

    v.

AMERICAN FINANCIAL RESOURCES, INC., et al.,

    Defendants.

CASE NO. C13-1844RAJ

ORDER DECLINING TO ENTER A TEMPORARY RESTRAINING ORDER

Today the court received a complaint that Plaintiffs Karuri N. Karuri and Rachel Kangethe filed at about 2:30 this afternoon. They do not have an attorney. The complaint is in many respects difficult to understand, is largely devoid of factual allegations, and appears to be a generic form downloaded from the internet that goes on at length about the mortgage industry in general. Plaintiffs appear to claim that the Defendants, who appear to be various banks and other entities involved in issuing them a promissory note and deed of trust securing their property in Renton or involved in the trustee's sale, have violated various laws by improperly assigning various loan documents and making unlawful claims on their property. One or more of the Defendants may be attempting to foreclose on the property, although the complaint contains no details about the foreclosure. Plaintiffs' Verified Emergency Application for

ORDER – 1

Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief provides slightly more information.[1] Dkt. # 2. It appears that a trustee's sale has been scheduled for October 18, 2013. *Id.* at 3.

The complaint includes 12 causes of action: (1) Lack of Standing/Wrongful Foreclosure, (2) Civil RICO[2] violation, (3) Civil Conspiracy, (4) Fraud in Concealment, (5) Fraud in Inducement, (6) Breach of Contract, (7) Violation of Truth in Lending Act, (8) Intentional Infliction of Emotional Distress, (9) Slander of Title, (10) Quiet Title, (11) Declaratory Relief, and (12) Rescission. Although plaintiffs do not explicitly state a claim under the Washington Deeds of Trust Act ("DTA"), the complaint appears to allege minimal facts that may give rise to a violation of the DTA claim.

The court's local rules explain the procedure for filing a motion for a temporary restraining order. Local Rules W.D. Wash. LCR 65(b). Plaintiffs have not complied with those procedures. They have not, for example, served all motion papers on the opposing party and include a certificate of service with the motion, or include contact information for opposing party's counsel. Nor have plaintiffs complied with Federal Rule of Civil Procedure 65(b), which explains what a movant must do to obtain a temporary restraining order without giving notice to the opposing party or parties.

The court cannot grant a temporary restraining order on this record. The court recognizes that the trustee's sale is set for October 18, 2013. Accordingly, if plaintiffs meet the procedural requirements identified above, they may file an amended motion for temporary restraining order that provides the court with sufficient information regarding the foreclosure proceedings, including factual allegations addressing whether particular defendants complied with the requisites to a trustee's sale under RCW 61.24.030 and sale procedures under RCW 61.24.040 no later than 1:00 p.m. on Tuesday, October 15, 2013.

---

[1] The court has treated plaintiffs' Verified Emergency Application for Temporary Restraining Order (Dkt. # 2) as a motion for temporary restraining order.
[2] Racketeer Corrupt and Influenced Organizations Act.

ORDER – 2

1   For all the foregoing reasons, Plaintiffs' application for a temporary restraining order is DENIED.

DATED this 11th day of October, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3